# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

LAUREN YOUSSEF,

    Plaintiff,

v.                                                    CASE NO.:

INSULA APARTMENT
MANAGEMENT, LLC,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LAUREN YOUSSEF, by and through undersigned counsel, brings this action against Defendant, INSULA APARTMENT MANAGEMENT, LLC, and in support of her claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for violations of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq.* ("FMLA"), and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*; and particularly 29 U.S.C. § 1140.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 2601 *et seq.*

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Sarasota County, Florida.

## PARTIES

4. Plaintiff is a resident of Sarasota County, Florida, and she worked in Sarasota County for Defendant.

5. Defendant operates an apartment management company in Sarasota County, Florida along with other related entities including Insula Equity, Banyan Trail Apartments, Beneva Place Apartments, Gables at Honore Apartments, Summer Cove Apartments. In addition, Defendant was a joint employer with a Professional Employer Organization that had in excess of 50 employees within a 75 mile radius of Plaintiff's work location during her employment with Defendant.

## GENERAL ALLEGATIONS

6. This is an action to recover damages suffered by Plaintiff while employed by Defendant, when Defendant interfered with Plaintiff's rights under the FMLA and retaliated against Plaintiff for exercising these same rights.

7. At the time of these events, Plaintiff was an employee of Defendant, and she worked at least 1250 hours in the 12 months preceding her request for leave under the FMLA.

8. Thus, Plaintiff is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2).

9. Defendant is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

10. Plaintiff is, and at all times relevant to this action is, a "participant" in the defendant's employee benefit plans as defined by 29 U.S.C. § 1002(7).

11. The defendant is an employer engaged in an industry or activity affecting commerce within the meaning of 29 U.S.C. § 1002(5), (12). Defendant is both the "administrator," 29 U.S.C. § 1002(16)(A), and the "plan sponsor," 29 U.S.C. § 1002(16)(B) of the Defendant's Employee Benefits Plan.

12. The Defendant has maintained and does maintain various employment benefit plans, including a comprehensive health insurance plan for all permanent full-time exempt employees, disability insurance, life insurance with benefits continuing for employees who retire under Defendant's Retirement Plan or who become permanently and totally disabled, and a Retirement Plan.

13. Defendant's Plan described herein, is an employee benefit plan within the meaning of 29 U.S.C. § 1002(3) and 29 U.S.C. Section 1140.

14. Plaintiff has satisfied all conditions precedent, or they have been waived.

15. Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

16. Plaintiff requests a jury trial for all issues so triable.

## FACTS

17. Plaintiff began working for Defendant in March 2019 as a Property Accountant, and she worked in this capacity until her termination on or about March 30, 2021

18. At all times relevant, Plaintiff was a participant in Defendant's Group Insurance Plans.

19. In or around January 2020, Plaintiff suffered from a medical condition that qualified as a serious health condition within the meaning of the FMLA.

20. To this day, Plaintiff's illness requires ongoing and expensive medical treatment.

21. On or about March 25, 2021, Plaintiff submitted proper medical documentation to Defendant in support of her FMLA leave request to herself.

22. On or about April 1, 2021, Defendant terminated Plaintiff's employment and took her off of Defendant's Group Insurance Plan.

23. Defendant retaliated against Plaintiff because she exercised her rights under Defendant's employee benefit, retirement, and/or insurance plans and the FMLA by terminating her employment.

24. Defendant also interfered with Plaintiff's rights under the FMLA.

## **COUNT I – FMLA INTERFERENCE**

25. Plaintiff realleges and readopts the allegations of paragraphs 1 through 24 of this Complaint, as fully set forth herein.

26. Plaintiff required time off from work to care for herself, because she suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

27. By terminating her employment for requesting FMLA leave and not permitting her to take said leave, Defendant interfered with Plaintiff's FMLA rights, in violation of 29 U.S.C. §§ 2614(a)(1)(A) and 2615(a)(2).

28. Defendant's actions were willful and done with malice.

29. Plaintiff was injured due to Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) That this Court enter a judgment that Defendant interfered with Plaintiff's rights in violation of the FMLA;

(b) An injunction restraining continued violation of the FMLA by Defendant;

(c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits, or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e) Front pay;

(f) Liquidated Damages;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## COUNT II – FMLA RETALIATION

30. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 24 of this Complaint, as fully set forth herein.

31. Plaintiff required time off from work to care for herself, because she suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

32. Plaintiff engaged in protected activity under the FMLA by exercising and/or attempting to exercise her FMLA rights.

33. Defendant retaliated against Plaintiff for engaging in protected activity under the FMLA by terminating her employment.

34. Defendant's actions were willful and done with malice.

35. Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) That this Court enter a judgment that Defendant retaliated against Plaintiff in violation of the FMLA;

(b) An injunction restraining continued violation of the FMLA by Defendant ;

(c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e) Front pay;

(f) Liquidated Damages;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## COUNT III – ERISA RETALIATION

36. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 24 of this Complaint, as though fully set forth herein.

37. Defendant purposefully interfered with Plaintiff's right to continued health benefits under Defendant's employee benefit plan and purposefully interfered with Plaintiff's expectancy interest in health insurance benefits under Defendant's insurance and retirement plans by terminating Plaintiff's employment because she exercised her rights pursuant to ERISA.

38. Defendant's interference caused Plaintiff to lose substantial health insurance benefits, life insurance benefits, retirement benefits, wages, and other fringe benefits of employment.

*WHEREFORE*, Plaintiff demands:

(a) Full legal and equitable relief under ERISA, including back pay, reinstatement to plaintiff's position as an employee of defendant, restitution of plaintiff's lost employee benefits, restoration of plaintiff's seniority, prejudgment interest, etc.;

(b) Compensatory damages;

(c) Attorney's fees and costs; and

(d) All other relief that the law and equity allow.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 17th day of June, 2021.

                Respectfully submitted,

                _____
                **LUIS A. CABASSA**
                Florida Bar Number: 0053643
                **WENZEL FENTON CABASSA, P.A.**
                1110 N. Florida Avenue, Suite 300
                Tampa, Florida 33602
                Main Number: 813-224-0431
                Direct Dial: (813) 379-2565
                Facsimile: 813-229-8712
                Email: lcabassa@wfclaw.com
                Email: gnichols@wfclaw.com
                **Attorneys for Plaintiff**